UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Wossen Assaye, | ) | |
|            Petitioner, | ) | |
| | ) | No. 20 CV 50174 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Andrew Ciolli,[1] | ) | |
|            Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

Petitioner Wossen Assaye seeks restoration of 81 days of good conduct time that he lost for disciplinary violations. For the reasons that follow, his petition [1] and [13] is denied.

### BACKGROUND

Mr. Assaye is an inmate at Oklahoma City FTC, but when he filed this petition he was at USP Thomson.[2] He is serving a 384-month sentence after being convicted of two firearm offenses in the Eastern District of Virginia. *See United States v. Wossen Assaye*, Case No. 1:15 CR 115 (E.D. Va.). His projected release date is May 15, 2043. *See* https://www.bop.gov/inmateloc (last visited October 28, 2021).

Mr. Assaye lost good conduct time as the result of two separate disciplinary incidents while he was at USP Lewisburg in Pennsylvania. The first occurred on April 2, 2019, when he allegedly pulled an officer's hand through the food slot in his cell door while the officer was attempting to remove restraints from Mr. Assaye's hands. Dkt. 17 at 92. A disciplinary hearing officer found that Mr. Assaye had committed the prohibited act of assaulting any person and sanctioned him with the loss of 27 days of good conduct time. *Id.* The second incident occurred two days later on April 4, 2019, when Mr. Assaye allegedly refused an order to remove a covering over his cell window, and threatened the officer with bodily harm including a threatened sexual assault. *Id.* at 82. A disciplinary hearing officer found that Mr. Assaye had committed the prohibited acts of threatening another with bodily harm and interfering with a security device, and sanctioned him with the loss of a total of 54 days good conduct time, 27 days for each prohibited act.

Before the Court is Mr. Assaye's petition filed under 28 U.S.C. § 2241 seeking restoration of his good conduct credits. The Court scheduled deadlines for the government to respond and the petitioner to reply. The petition is now fully briefed.

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

[2] " . . . a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

# ANALYSIS

Persons in the custody of the Bureau of Prisons have a liberty interest in good conduct time credits, and can challenge the loss of those credits by filing a motion for habeas relief under 28 U.S.C. § 2241. *See Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Before obtaining relief in court for the wrongful denial of good conduct time, a federal inmate must first exhaust his federal administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The common law recognizes exceptions to exhaustion, but the hurdle is high. *Id.* Exhaustion will be excused only when:

(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action;
(2) the agency lacks the ability or competence to resolve the issue or grant the relief requested;
(3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or
(4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (internal quotation marks and citations omitted). The exhaustion requirement is not jurisdictional and so is waived if not raised by the defendant. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). In response to Mr. Assaye's petition, the government contends that he did not exhaust his administrative remedies. Dkt. 17 at 4.

Under Bureau of Prisons regulations, to administratively exhaust the decision of a disciplinary hearing officer, an inmate must begin by filing an appeal with the regional director for the region where the inmate is then-located. *See* 28 C.F.R. §§ 541.8(i); 542.14(d)(2). The regional director has 30 days to respond. *Id.* § 542.18. If the inmate is not satisfied, he must take a final appeal to the Office of General Counsel in Washington, D.C. *Id.* § 546.15(a). The General Counsel has 40 days to respond. *Id.* § 542.18. If the inmate does not receive a timely response at any level of appeal, he "may consider the absence of a response to be a denial at that level." *Id.*

In his petition, Mr. Assaye contends that he attempted to appeal the decisions of his disciplinary hearing officer, but believes that staff at USP Lewisburg did not send the appeals to the regional director's office because the regional office never processed the appeals. Dkt. 1 at 6. The government responds that according to its SENTRY electronic records database, Mr. Assaye submitted two appeals to the regional director's office, but they both involved a different incident. Dkt. 17 at 6, 108. The government has no record of any appeals submitted for Mr. Assaye's April 2, 2019 and April 4, 2019, incidents. *Id*. at 108-09.

If, for whatever reason, Mr. Assaye never received a response from the regional director's office to his initial appeals, he was not yet free to seek relief in court. Under Bureau of Prison regulations, an inmate who does not receive a timely response to an appeal "may consider

the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. The lack of any response to his initial appeal meant only that he could consider his appeal to the regional director's office denied and so could proceed to the next step of appealing to the Office of General Counsel in Washington, D.C. *Id.* § 546.15(a).

In his petition, Mr. Assaye left blank the portions of the form that ask him to describe any appeals he pursued beyond his initial appeal. *See* Dkt. 1 at 2-3. Mr. Assaye never contends that he pursued his appeal to the next level by filing with the Office of General Counsel, or attempted to do so but was thwarted by USP Lewisburg staff. In addition, he never addresses the issue of exhaustion in his reply brief after the government asserted in its response brief that he failed to exhaust because he never appealed to the Office of General Counsel. By failing to address the issue in his reply brief, he has also failed to identify any applicable exceptions to the common law requirement that he exhaust before filing suit.

Because Mr. Assaye made no attempt to appeal to the Office of General Counsel after receiving no response to his initial appeal, he did not fully exhaust his claims before raising them in his petition filed under 28 U.S.C. § 2241. As a result, his petition is subject to dismissal for failure to exhaust.

The Court notes that Mr. Assaye asserted several ways in which the Bureau of Prisons allegedly violated his rights to due process, including failing to allow him to attend his disciplinary hearing, failing to provide him a staff representative or review camera footage of the two incidents that would exonerate him, and failed to follow its own disciplinary procedures including by conducting an inadequate investigation. But because he did not first fully exhaust these claims, they are not properly before the Court. In addition, in his reply brief Mr. Assaye raises an incident that occurred at USP Thomson in which corrections officers allegedly used excessive force against him, which he contends was caught on camera. Dkt. 18 at 4. But as explained in the order screening his petition, he may not pursue such a claim under 28 U.S.C. § 2241, if at all. *See* Dkt. 15 at 1-2.

## CONCLUSION

For the reasons given, Mr. Assaye's petition [1] and [13] is dismissed, and this case is closed. Mr. Assaye is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Assaye need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P.

4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

Date: October 28, 2021  By: _____
Iain D. Johnston
United States District Judge